LEU & OKUDA
Attorneys at Law

LESTER K. M. LEU 2980
GARY Y. OKUDA 3013
KARYN A. DOI 7687
222 Merchant Street, Main Floor
Honolulu, Hawaii 96813
Telephone (808) 538-1921
Facsimile (808) 523-9585

Attorneys for Secured Creditor/Plaintiff
PATTI K. BISHOP, INDIVIDUALLY AND AS TRUSTEE OF
THE PATTI K. IRVINE REVOCABLE TRUST DATED DECEMBER 21, 1992

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>    Debtor. | Case no. 06-00898<br>(Chapter 7) |
| PATTI K. BISHOP,<br>INDIVIDUALLY AND AS TRUSTEE<br>OF THE PATTI K. IRVINE TRUST<br>DATED DECEMBER 21, 1992,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES WILLIAM LULL, JOHN and<br>MARY DOES 1-20 and DOE<br>PARTNERSHIPS, CORPORATIONS<br>or OTHER ENTITIES 1-20,<br><br>    Defendants. | Adv. no. 07-90038<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW<br><br>(RE: PLAINTIFF PATTI K.<br>BISHOP, INDIVIDUALLY AND AS<br>TRUSTEE OF THE PATTI K. IRVINE<br>REVOCABLE TRUST DATED DECEMBER<br>21, 1992'S MOTION FOR DEFAULT<br>JUDGMENT)<br><br>Hearing:<br>Date:  October 30, 2007<br>Time:  2:00 p.m.<br>Judge:  Honorable Lloyd King |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff PATTI K. BISHOP, INDIVIDUALLY AND AS TRUSTEE OF

THE PATTI K. IRVINE REVOCABLE TRUST DATED DECEMBER 21, 1992's

Motion for Default Judgment came on for hearing before the Honorable Lloyd King on October 30, 2007. Gary Y. Okuda, Esq. and Karyn A. Doi, Esq. appeared on behalf of Plaintiff PATTI K. BISHOP, INDIVIDUALLY AND AS TRUSTEE OF THE PATTI K. IRVINE REVOCABLE TRUST DATED DECEMBER 21, 1992 ("Plaintiff"). No other parties appeared.

## FINDINGS OF FACT

1. PATTI K. BISHOP, Individually and as Trustee of the IRVINE TRUST filed her complaint objecting to discharge on June 15, 2007. See Docket no. 1.

2. Defendant/Debtor JAMES WILLIAM LULL ("Defendant LULL") filed a Notice of Intent not to Appear or Defendant Adversary Proceeding on June 29, 2007. See Docket no. 8.

3. Default was entered against Defendant LULL on August 29, 2007. See Docket No. 18.

4. PATTI K. BISHOP was an owner and operator of her own Trustee corporation in California for 21 years until it was sold. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 7, lines 15 - 23.

5. Based on PATTI K. BISHOP's experience in the industry, she felt that it was a good investment of and reasonable for the IRVINE TRUST to loan the funds from the sale of her business as long as there was a 70/30 loan value ratio, they were fully

2

U.S. Bankruptcy Court - Hawaii #07-90038 Dkt # 30 Filed 02/01/08 Page 2 of 10

secured by second mortgages on real property, and they were backed by some type of title insurance policy. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 7, lines 20 - 25; p. 8, line 20 - p. 9, line 4; p. 23, line 21 - p. 24, line 16.

6. PATTI K. BISHOP and the IRVINE TRUST also felt that they could and knew how to remedy the situation if there was a default. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 24, lines 17 - 24.

7. Based on those requirements, Jeffrey Uldricks, owner and operator of the Kauai branch of U.S. Financial where Debtor LULL was the Manager, arranged for the IRVINE TRUST to loan monies to Defendant LULL. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 8, lines 12 - 19.

8. PATTI K. BISHOP knew Jeffrey Uldricks for years and owned and knew that he operated U.S. Financial and was in the mortgage loan business. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 8, lines 12 - 19; p. 24, line 25 - p. 26, line 15.

9. The IRVINE TRUST ultimately loaned to Defendant LULL a total of $4 million of which only $1 million has been repaid. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 8, lines 4 - 11.

3

10. The loan monies were wired to attorney Mark Bernstein's Client Trust Account and then distributed to Defendant LULL directly or through escrow. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 10, line 15 - p. 11, line 3; Exhibit "P-12" (p. 37, lines 7 - 10); Exhibit "P-20"; and Exhibit "P-21".

11. Loan documents were prepared by attorney Mark Bernstein. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 14, lines 5 - 15; p. 26, line 20 - p. 27, line 7; and Exhibit "P-1".

12. PATTI K. BISHOP and the IRVINE TRUST were comforted by the fact that an attorney was handling the matter as it lent credibility to the loan transactions. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 26, lines 8 - 19.

13. On or about October 9, 2003, the IRVINE TRUST loaned it first $1 million to Defendant LULL as evidenced by the Promissory Note ("Note") dated October 9, 2003, attached to the IRVINE TRUST's Proof of Claim. See Exhibit "P-1(1)".

14. The Note was secured by the real property located at 4646 Kahiliholo Road, Kilauea, Kauai, Hawaii 96754 ("4646 Property") as evidenced by the Mortgage dated October 9, 2003, recorded in the Bureau of Conveyances of the State of Hawaii as Document no. 2003-224200 ("4646 Mortgage"). See Exhibit "P-14".

4

15. On or about April 7, 2004, however, Jeffrey Uldricks executed a <u>Release of Mortgage (Corporate)</u> as the purported authorized representative of the IRVINE TRUST releasing the 4646 Mortgage. <u>See</u> Exhibit "P-15".

16. At no time did the IRVINE TRUST authorize Jeffrey Uldricks to be a representative of the IRVINE TRUST. <u>See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007</u>, p. 17, lines 16 - 21.

17. At no time did the IRVINE TRUST authorize Jeffrey Uldricks or anyone to release the Mortgage. <u>See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007</u>, p. 17, lines 1 - 3.

18. Without the knowledge of the IRVINE TRUST, the Property was sold, and Defendant LULL received gross proceeds of $1,350,000 on April 7, 2004. <u>See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007</u>, p. 18, lines 6 - 8; Exhibits "P-23" and "P-24".

19. None of these proceeds from the sale of 4646 Property was paid to the IRVINE TRUST for its 4646 Mortgage. <u>See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007</u>, p. 19, lines 3 - 5.

20. The <u>Release of Mortgage (Corporate)</u> dated April 7, 2004, was not recorded until November 27, 2006, however, just

5

before Defendant LULL filed his bankruptcy petition. See Exhibit "P-15".

21. Defendant LULL, Jeffrey Uldricks, and attorney Mark Bernstein never told Plaintiff that the 4646 Mortgage covering the Property was released. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 28, lines 2 - 5.

22. PATTI K. BISHOP started to inquire and investigate the status of the 4646 Mortgage when Defendant LULL bounced a check. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 19, lines 6 - 14.

23. As late as May 2006, PATTI K. BISHOP requested information on the status of the 4646 Mortgage and copies of the documents from attorney Mark Bernstein. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 19, line 15 - p. 20, line 2.

24. PATTI K. BISHOP met with attorney Mark Bernstein during this time to seek an answer from him as to the status of the 4646 Mortgage. Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 20, lines 11 - 14.

25. However, in light of PATTI K. BISHOP not having obtained any satisfactory answers from Mark Bernstein at the meeting, she obtained a title report on her own which still

6

showed the 4646 Mortgage on the 4646 Property, and only reflected a change in ownership to the 4646 Property. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 20, lines 3 - 23.

26. PATTI K. BISHOP also further inquired with Mark Bernstein on what was going on and drove by the 4646 Property to make sure that it did, in fact, exist. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 20, line 24 - p. 21, line 6.

27. Up until this meeting with Mark Bernstein, there was nothing extraordinary about the loan documents that would have led PATTI K. BISHOP and the IRVINE TRUST to be concerned about the safety of the monies loaned to Defendant LULL. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 27, line 8 - p. 28, line 1.

28. It was not until December, 2006, that Plaintiff ultimately discovered that a release of the 4646 Mortgage on the 4646 Property actually had been signed in April of 2004, but not recorded until November 2006. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 21, lines 7 - 14.

29. Plaintiff was in disbelief when she learned of the release of the 4646 Mortgage on the 4646 Property. See

7

Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 21, lines 19 - 23.

30. Plaintiff also discovered that Defendant LULL forged PATTI K. BISHOP's signature on the letter dated October 2, 2006, and falsely stated that Defendant LULL was not in default and current on the IRVINE TRUST's loan secured by a second mortgage on a separate property located at 3557 Anini Road. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 21, line 24 - p. 22, line 18.

31. PATTI K. BISHOP and the IRVINE TRUST would not have loaned any further funds to Defendant LULL had they known that the release of mortgage securing the 4646 Property had been signed in April 2004. See Transcript from Plaintiff's Motion for Default Judgment hearing on October 30, 2007, p. 23, lines 3 - 14.

## CONCLUSIONS OF LAW

1. PATTI K. BISHOP, individually and as Trustee of the IRVINE TRUST commenced this Adversary Proceeding against Defendant LULL seeking to prevent the discharge of debts pursuant to 11 U.S.C. §523(a)(2) and §523(a)(6).

2. Bankruptcy Rule 4005 provides that the Plaintiff has the burden of proving the objection to discharge.

8

3. To be an exception to discharge of debts under 11 U.S.C. §523(a)(2)(A), PATTI K. BISHOP, individually and as Trustee of the IRVINE TRUST must prove that the Defendant/Debtor obtained the debt by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .".

## CONCLUSION

1. Plaintiff loaned a total principal amount of $4 million to Defendant LULL of which only $1 million has been repaid. With respect to the first $1 million loaned to Defendant LULL and secured by a second Mortgage on the 4646 Property, said Mortgage was falsely or fraudulently released.

2. Had Plaintiff known about the false or fraudulent release of the 4646 Mortgage, Plaintiff would not have loaned the additional monies to Defendant LULL.

3. Defendant's default having been entered, and the Court having reviewed the pleadings and Plaintiff in connection thereto has met its burden of proof required by 11 U.S.C. §523(a)(2)(A).

4. An order will be entered granting Plaintiff's Motion for Default Judgment.

5. Judgment will be entered declaring that the indebtedness owed to the Plaintiff in the principal amount of $3

9

U.S. Bankruptcy Court - Hawaii  #07-90038  Dkt # 30  Filed 02/01/08  Page 9 of 10

million plus interest and late charges shall not be discharged through Debtor LULL's bankruptcy case no. 06-00898 commenced on December 8, 2006, in the United States Bankruptcy Court for the District of Hawaii.

Dated: Honolulu, Hawaii, Feb. 1, 2008.

/s/ Lloyd King
UNITED STATES BANKRUPTCY JUDGE

---

Re: Adv. Proc. No. 07-90038; <u>Bishop v. Lull et al.</u>; FINDINGS OF FACT AND CONCLUSIONS OF LAW.

U.S. Bankruptcy Court - Hawaii #07-90038 Dkt # 30 Filed 02/01/08 Page 10 of 10